UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOY DOE, a child under 18, b/n/f/ MOTHER DOE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 3:09-cv-467 |
| KNOX COUNTY, TENNESSEE, et al., | ) ) ) | (Varlan/Shirley) |
| Defendants. | ) ) ) ) | |

# ANSWER OF KNOX COUNTY, TENNESSEE[1] AND THE KNOX COUNTY BOARD OF EDUCATION[2]

Knox County, Tennessee (hereinafter "Knox County") and the Knox County Board of Education (hereinafter "Board of Education") answer the amended complaint as follows:

1. The Plaintiffs have failed to state a claim for which relief can be granted.

2. The Plaintiffs lacks standing to assert a claim.

3. The Complaint does not present a case or controversy for adjudication by the Court.

4. No policy, practice or custom of Knox County, the Knox County Sheriff's Office, the Board of Education, or any school was the moving force behind any of the acts complained of in the Complaint. Plaintiff is barred from recovery against Knox County and the Board of Education inasmuch as there is no *respondeat superior* liability under 42 U.S.C. § 1983.

---

[1] The defendant Knox County, Tennessee includes Jimmy "J.J." Jones in his official capacity, Miranda S. Spangler in her official capacity, and Scott W. Ritch in his official capacity. *Kentucky v. Graham, 473 U.S. 159, 166 (1985)*("[A]n official-capacity suite is, in all respects other than name, to be treated as a suit against the entity."). *See also*, *Caudill v. Hollan*, 431 F.3d 900, 914 (6th Cir. 2005), and *Pusey v. City of Youngstown*, 11 F.3d 652, 654-55 (6th Cir. 1993).

[2] The defendant Knox County Board of Education includes Lynn Hill in his official capacity, Mike Driver in his official capacity, and Ronald Waugh in his official capacity. *See, id.*

5. Knox County and the Board of Education are immune by virtue of sovereign immunity.

6. Knox County and the Board of Education are immune by virtue of common law immunity, and are also immune by virtue of the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq*. The Court should not accept pendant jurisdiction over state law claims. Knox County and the Board of Education cannot be liable for punitive damages under 42 U.S.C. § 1983 or under the Governmental Tort Liability Act and, therefore, plaintiff's claim for punitive damages should be dismissed.

7. Defendant J.J. Jones, in his official capacity is Knox County, Tennessee and should be dismissed as redundant.

8. Defendants Miranda Spangler in her official capacity and Scott Ritch in his official capacity are Knox County, Tennessee and should be dismissed as redundant.

9. Defendant Lynn Hill in his official capacity and Mike Driver in his official capacity are Knox County, Tennessee and should be dismissed as redundant.

10. Plaintiffs failed to exhaust their administrative remedies.

11. Plaintiffs are estopped.

12. Plaintiffs have waived their claims, if any.

13. It is admitted that the minor plaintiff student (hereinafter "Student Plaintiff") was arrested at Gibbs High School with probable cause, prosecuted and held at the juvenile detention facility. It is admitted that juvenile charges were later dismissed. Defendants require strict proof of any psychological and/or emotional harm. The remaining allegations are denied. The allegation references a security recording which is not attached to the complaint. Defendants aver the recording speaks for itself.

14. Jurisdiction and venue are appropriate in the United States District Court for the Eastern District of Tennessee.

15. The allegations contained in paragraphs Three through Nine and Eleven and Twelve are admitted. The allegations contained in paragraph Ten are denied for lack of information sufficient to form a belief as to their truth.

16. It is admitted that Student Plaintiff has been diagnosed with Trichotillomania and/or obsessive-compulsive disorder and that Student Plaintiff is a special education student.

17. It is admitted that Student Plaintiff attended Gibbs High School.

18. It is admitted that administrators at Gibbs High School and teachers with a need to know had knowledge that Student Plaintiff was diagnosed with obsessive-compulsive disorder.

19. It is denied that anyone at Gibbs High School had any knowledge that Student Plaintiff used a "therapeutic aid" to repress symptoms of his obsessive-compulsive disorder.

20. Defendants have insufficient information to form a belief as to the allegation that Student Plaintiff was taunted and bullied and demand strict proof thereof. The allegation references a surveillance video which is not attached to the complaint. Defendants aver the video speaks for itself.

21. It is admitted that a school security officer responded to the incident and escorted Student Plaintiff to the principal's office at Gibbs High School.

22. It is denied that Student Plaintiff did not present a danger to others.

23. It is denied that a Knox County Sheriff's deputy brandished a gun or stuck the gun in the rib cage of plaintiff.

24. It is denied that Knox County Sheriff's deputies failed to conduct a reasonable investigation prior to arresting Student Plaintiff for possession of a weapon. To the extent there are any additional factual allegations contained in paragraph nineteen they are denied.

25. It is denied that neither Gibbs High School administrators nor Knox County Sheriff's deputies conducted a reasonable investigation when they determined Student Plaintiff possessed a weapon.

26. Plaintiff's legal conclusions regarding whether the weapon in the possession of Student Plaintiff on October 6, 2008, was a weapon as contemplated by state law warrant no answer from Defendants and none is given. To the extent there are any factual allegations they are denied.

27. It is admitted that Student Plaintiff was brought to an office at Gibbs High School. It is specifically denied that any Knox County Sheriff's deputies used their firearms in any fashion while dealing with Student Plaintiff.

28. The first two sentences of paragraph Twenty-Three of the Complaint are admitted.

29. It is admitted that Student Plaintiff's parents were notified that he had been transported to the Richard L. Bean Juvenile Service Center.

30. The allegations contained in Paragraph Twenty-Four of the Complaint reference a document that is not attached to the Complaint, therefore, Defendants have insufficient information to form a belief as to the truth of the allegations contained in Paragraph Twenty-Four of the Complaint. Defendants aver the document speaks for itself.

31. It is admitted that Student Plaintiff was held overnight at the juvenile detention facility, that a detention hearing was held on October 7, 2008 and that Student Plaintiff was released to his mother.

32. These Defendants have insufficient information to form a belief as to the allegation that there was a hearing set for November 19, 2008.

33. At the time of this answer, Knox County and the Board of Education lack sufficient information to form a belief as to whether any Knox County police officer had any information about Student Plaintiff's special educational status.

34. It is admitted that Gibbs High School personnel did not disclose Family Educational Right to Privacy Act protected information to the Richard L. Bean Juvenile Service Center.

35. At the time of this answer, Knox County and the Board of Education lack sufficient information to form a belief as to whether the charges were dismissed by a judicial officer or by an assistant district attorney. The allegations contained in paragraph Twenty-Six and Twenty-Seven of the Complaint are denied and strict proof demanded thereof.

36. With respect to the allegations in paragraph Twenty-Eight, Defendants adopt and incorporate herein Defendants' answers to paragraphs One through Twenty-Seven.

37. Plaintiff's legal theories and conclusions warrant no answer from these Defendants and none is given. It is denied that Knox County Sheriff's deputies acted contrary to Knox County Sheriff's Office general orders. To the extent there are any factual allegations in paragraphs Twenty-Nine through Thirty-Two they are denied.

38. It is denied that Knox County was negligent in the training and supervision of Knox County Sheriff's deputies. It is denied that Knox County Board of Education trains or supervises Knox County Sheriff's deputies.

39. Plaintiff's legal theories and conclusions warrant no answer from the Defendants and none is given. Strict proof is demanded of any emotional or psychological injury and/or economic damages.

40. With respect to the allegations in paragraph Thirty-Five, Defendants adopt and incorporate herein Defendants' answers to paragraphs One through Thirty-Four.

41. The allegations contained in paragraph Thirty-Six of the Complaint are admitted. It is further admitted that Student Plaintiff was arrested and placed in a cruiser. It is denied that no reasonable steps were taken to determine if Student Plaintiff had committed a juvenile offense. It is admitted that Sheriff's deputies do not obtain parental consent before arresting minors. Plaintiff's legal conclusions warrant no answer from Defendants and none is given.

42. It is denied that Student Plaintiff's arrest was unlawful or made without probable cause. It is admitted that Student Plaintiff was transported to the Richard L. Bean Juvenile Service Center where he was processed and booked. It is denied that he was unlawfully detained in the Richard L. Bean Juvenile Service Center. These Defendants have insufficient information to form a belief as to the truth of the remaining allegations and demand strict proof thereof. To the extent there are any additional factual allegations with regard Knox County, the Board of Education, Jimmy "J.J." Jones, Miranda Spangler, Scott Ritch, Ronald Waugh, Lynn Hill or Mike Driver in their official capacities, they are denied.

43. At the time of this answer, Knox County and the Board of Education lack sufficient information to form a belief as to whether the charges were dismissed by a judicial officer or by an assistant district attorney, and strict proof is demanded thereof.

44. Strict proof is demanded of any emotional or psychological injury and/or economic damages. It is denied that Student Plaintiff was unlawfully arrested and detained and strict proof is demanded thereof. To the extent there are any additional factual allegations they are denied.

45. Plaintiff's legal theories and conclusions warrant no answer from Defendants and none is given. To the extent there are any additional factual allegations they are denied.

46. With respect to the allegations in paragraph forty-two, Defendants adopt and incorporate herein Defendants' answers to paragraphs One through Forty-one.

47. The allegations contained in paragraphs forty-three through forty-five are admitted. The allegations contained in paragraphs forty-six and forty-seven are denied and strict proof is demanded thereof.

48. With respect to the allegations in paragraph forty-eight, Defendants adopt and incorporate herein Defendants' answers to paragraphs one through forty-seven.

49. Plaintiff's legal theories and conclusions warrant no answer from Defendants and none is given. To the extent there are any additional factual allegations they are denied.

50. It is admitted that Student Plaintiff was intentionally arrested and taken to the Richard L. Bean Juvenile Service Center for processing, booking and detention. It is denied that Student Plaintiff was taken to the Knox County Jail. It is denied that Student Plaintiff was unlawfully imprisoned and detained.

51. The allegations contained in paragraph fifty-two of the Complaint are denied. Strict proof is demanded of any emotional or psychological injury, mental anguish or emotional distress and/or exacerbation of same.

52. Plaintiff's legal theories and conclusions warrant no answer from these Defendants and none is given. To the extent there are any factual allegations they are denied.

53. With respect to the allegations in paragraph fifty-five, Defendants adopt and incorporate herein Defendants' answers to paragraphs one through fifty-four.

54. Strict proof is demanded of any alleged manifestation of emotional or psychological trauma. Plaintiff's legal theories and conclusions warrant no answer from these Defendants and none is given. To the extent there are any factual allegations they are denied.

55. The allegations contained in paragraph fifty-seven of the complaint are denied.

56. Any allegations in the complaint not heretofore specifically admitted are hereby denied.

WHEREFORE, now having answered fully, defendants Knox County, Tennessee and the Knox County Board of Education request that a verdict be entered in their favor, that the complaint filed against them be dismissed, with costs taxed accordingly, and that they be awarded attorney's fees.

Respectfully submitted this 10th day of November, 2009.

s/Thomas Mullin
Thomas Mullin (BPR #024817)
Martha Haren McCampbell (BPR #013265)
Knox County Law Director's Office
Suite 612 City County Building
400 Main Street
Knoxville, TN  37902
(865) 215-2327
Attorneys for Defendants Knox County, Tennessee; Knox County Board Of Education; and Jimmy "J.J." Jones, Miranda S. Spangler, Scott W. Ritch, Lynn Hill, Michael Driver and Ronald Waugh in their official capacities only

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 10, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

                                            s/Thomas Mullin
                                            Thomas Mullin (BPR # 024817)